ORIGINAL

## In the United States Court of Federal Claims

No. 15-410C

(Filed: April 27, 2015)

(NOT TO BE PUBLISHED)

FILED
APR 27 2015
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     )
TERESITA A. CANUTO,                  )
                                     )
                Plaintiff,           )
                                     )
        v.                           )
                                     )
UNITED STATES,                       )
                                     )
                Defendant.           )
                                     )
*************************************
```

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Teresita Canuto, has filed a complaint seeking relief for personal injuries that allegedly resulted from wrongful acts committed by employees of the government and Department of Defense acting within the scope of their employment. Also pending before the court is Ms. Canuto's application to proceed *in forma pauperis*.

### BACKGROUND

Ms. Canuto is a nurse employed by a firm providing home health care. Compl. at 1. She claims that in October 2014, while caring for a patient in his townhouse in North Hills, California, she was assaulted by one or multiple members of the United States Army and Navy who served as tenants occupying a spare room within her patient's home. *See* Compl. at 3-10. Specifically, Ms. Canuto alleges that in October 2014 she noticed a painful u-shaped wound of unknown origin while bathing her patient and later developed a bruise "at the anterior lower tibia of [her] right leg." Compl. at 4, 6. In November 2014, Ms. Canuto reports that she also lost her appetite, had difficulty sleeping through the night, and, after examining herself, noticed additional injuries. Compl. at 6-7. While Ms. Canuto alleges no recollection of any specific attack in her complaint, she claims that she "was subjected to . . . the incision . . . of [her] big forefinger of [her] left foot" and "[t]he right lower tibia of [her] leg was hit hard by a hard object . . . before [she] was sexually assaulted [on] separate occasions or times by . . . men of [the] Department of Defense." Compl. at 7. Ms. Camuto claims that a similar attack occurred in March 2015, this time in her home while she, her husband, and her son were asleep. Compl. at

15, 32. She suggests that both attacks were made possible by the application of an "[i]nhalation agent" that caused her to lose consciousness and mobility. Compl. at 7. Additionally, she identifies the owners of nearby townhouses as collaborators in the attack. Compl. at 11. Ms. Canuto did not inform the Los Angeles Police Department of either incident, reasoning that, "it would [have been] fruitless" because she "did not notice[] any pain . . . after the assault[s]" and therefore "cannot point out when and [at] what time these assaults happened to [her]." Compl. at 12.

In terms of relief, Ms. Canuto seeks "[c]ompensatory damages, including general and special damages" and "[a]ny further relief which the court may deem appropriate." Compl. at 38.

## STANDARDS FOR DECISION

Before addressing the merits of a case, the court is obligated to "satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, thus permitting a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). However, the Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To satisfy the juridical requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) ("[T]o establish jurisdiction under the Tucker Act for a suit for money damages, 'a plaintiff must identify a separate source of substantive law that creates the right to money damages,' in other words, 'that source must be 'money-mandating.'") (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

## ANALYSIS

### A. *Subject Matter Jurisdiction*

Ms. Canuto premises this court's jurisdiction on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80; *see also* 28 U.S.C. § 1346(b). *See* Compl. at 1.[1] The FTCA enables

---

[1] In relevant part, Section 1346 provides the following:

[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or

2

federal district courts to hear tort claims against the government in situations where harm was caused by a government employee acting within the scope of his or her office or employment. That jurisdictional grant does not, however, apply to this court because "[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see also Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) (noting that the Tucker Act limits this court's jurisdiction to "cases *not* sounding in tort") (quoting 28 U.S.C. § 1491(a)(1)) (emphasis in original). Claims of assault and battery are tort claims. *See, e.g., Harbury v. Hayden*, 522 F.3d 413, 422 (D.C. Cir. 2008).[2] Therefore, this court lacks jurisdiction to entertain the claims presented by Ms. Canuto.

### B. *Possibility of Transfer*

Ms. Canuto has not requested that the court transfer her case to an appropriate district court. Nonetheless, the court will consider the possibility of a transfer because Ms. Canuto is proceeding *pro se*. *See Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 368 (2011). Dismissal is generally required as a matter of law if a court lacks jurisdiction to decide the merits of a case, *see Johnson v. United States*, 105 Fed. Cl. 85, 91 (2012), however, in limited instances, the court may transfer the action to a federal court that would have jurisdiction, *see Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). In accord with 28 U.S.C. § 1631, transfer of a case is appropriate if "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819 (1988).

In this instance, transfer would be inappropriate because no district court would have been able to exercise jurisdiction over Ms. Canuto's claims at the time she filed her complaint. For a district court to entertain an FTCA claim, an administrative claim must first have been filed pursuant to the procedures outlined under 28 C.F.R. §§ 14.2-14.4. *See, e.g., Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278-79 (4th Cir. 2000) (internal citations omitted); *Jackson v. United States*, 730 F.2d 808, 809-10 (D.C. Cir. 1984); *Gonzalez v. United States Postal Serv.*, 543 F. Supp. 838, 839-40 (N.D. Cal. 1982). "This administrative exhaustion component of the FTCA, also known as the Act's 'presentment requirement,' is a 'jurisdictional prerequisite to filing suit,'" *Taylor v. Clark*, 821 F. Supp. 2d 370, 374 (D.D.C. 2011) (quoting *GAF Corp. v.*

---

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[2]Additionally, to the extent that Ms. Canuto alleges criminal violations, this court also lacks jurisdiction over claims arising under the criminal code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

3

*United States*, 818 F.2d 901, 904 (D.C. Cir. 1987)), and failure to file an administrative claim results in dismissal by a district court for want of jurisdiction, *see, e.g., Velez-Diaz v. United States*, 507 F.3d 717, 718 (1st Cir. 2007) (noting that a federal court suit filed before administrative exhaustion "does not ripen but is barred") (citing *McNeil v. United States*, 508 U.S. 106, 112-13 (1993)); *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1140-42 (M.D. Fla. 2012), *aff'd*, 517 Fed. Appx. 664 (11th Cir. 2013) (stating that if a party files suit against United States under the FTCA in district court before filing an administrative claim and exhausting statutory administrative remedies, "the suit will be premature and the district court will lack subject matter jurisdiction over the action"). Ms. Canuto has given no indication that she sought administrative relief prior to seeking redress in this court. Indeed, she specifically notes that she did not inform the Los Angeles Police Department of the circumstances surrounding her alleged assaults. *See* Compl. at 12. Therefore, the court is unable to transfer her claims to an appropriate district court. *See Johnson*, 105 Fed. Cl. at 96 (refusing to transfer case to district court when no district court could have heard plaintiff's claim at time of filing).

## CONCLUSION

For the reasons stated, Ms. Canuto's complaint is dismissed for lack of subject matter jurisdiction. The clerk shall enter judgment in accord with this disposition.[3]

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[3] Ms. Canuto's application for leave to proceed *in forma pauperis* is GRANTED.

4